UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY FURIANI,<br><br>                Plaintiff,<br>v.<br>NANCY BERRYHILL,<br>                Defendant. | Case No.: 17cv2221-LAB (MSB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER OF REMAND** |

      Henry Furiani brought this appeal from a denial of social security benefits. The case was referred to Magistrate Judge Robert Block for a report and recommendation. After the parties filed summary judgment motions, Judge Block on October 13, 2018 issued his report and recommendation (the "R&R," Docket no. 26), recommending that Plaintiff's motion for summary judgment be granted and Defendant's cross-motion be denied. The R&R recommended that the Commissioner's decision be reversed and the matter be remanded for further administrative proceedings pursuant to sentence four of 4 U.S.C. § 405(g).

      Defendant filed objections, to which Plaintiff filed a reply. The matter is now fully briefed and ready for decision. A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made, but need not conduct a de novo review of the other portions. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The factual record is undisputed, and the objections focus on the Administrative Law Judge's (ALJ's) reasoning, and the evidence the ALJ considered. Because the facts are set forth in the R&R and are well known to the parties, the Court does not repeat them here, except as necessary for discussion.

**Objections**

The R&R found that the kinds of problems Plaintiff argued would keep him from being able to work were an inability to get along with people due to mental impairments, and pain in his shoulders, back, and legs. (R&R at 4:23–26.) The R&R then discussed Plaintiff's physical and mental limitations at greater length. Neither party objected to this, which the Court accepts. In particular, Plaintiff relies on his mental impairments to show he was disabled. (AR at 41.)

The ALJ rejected Furiani's testimony regarding his disability for at least two reasons and, Defendant argues, a third as well.

**First Objection**

Defendant objects that, in concluding that there was no inconsistency between Plaintiff's daily activities and his testimony (R&R at 6:27–7:2), Judge Block impermissibly re-weighed the evidence and gave inadequate deference to the ALJ's interpretation.

The evidence included Plaintiff's statements that he was "independent with personal care although it takes longer, and he is able to prepare simple meals, do dishes, vacuum, mop, do laundry, take out trash, and drive a car." (R&R at 6:15–18 (citing AR 31–32.) Such evidence can be used if it either contradicts the

claimant's other testimony or meets the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ did not use this evidence to make a finding about transferable work skills; rather, he used it as a basis for an adverse credibility finding, concluding it was not fully consistent with Plaintiff's testimony.

The ALJ found Plaintiff had several severe physical and mental impairments that could cause the severe limitations he complained of (AR at 26), and did not argue that he was malingering. The ALJ should therefore have rejected Plaintiff's testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons for doing so. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ could rely on evidence such as Plaintiff's

> reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.

*Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). Here, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with" the other evidence. (AR at 31.) This included Plaintiff's daily activities. The reported activities the ALJ cited are not, however, inconsistent with Plaintiff's testimony about his physical or mental impairments, and the ALJ's recitation of the evidence appears to be somewhat selective, which is not permitted. *See Diedrich v. Berryhill,* 874 F.3d 634, 64243 (9th Cir. 2017) (observing that the ALJ had taken note of daily activities the plaintiff could perform, while ignoring evidence showing the difficulties she faced when doing so).

For example, Plaintiff said he could cook simple meals, but not always successfully. (AR at 180 (stating that he cooked his own lunch Monday through Friday, but sometimes forgot it was on the stove and burned it).) He also said he

could do simple household chores, but that it took him one to two hours, and he had to rest frequently. (*Id.*) Plaintiff testified that he could stand and walk for about an hour before having to rest. (AR at 45.) And, while he testified he could wash dishes, he said he had to take breaks. (*Id.*) He reported sleeping long hours and resting frequently, and being able to do chores only for part of the day, all of which his wife confirmed. (AR at 179, 188–89.)

A reviewing court may properly determine that evidence is not in conflict or does not amount to a "clear and convincing" reason to make an adverse credibility finding. This does not, as Defendant has argued, amount to improper re-weighing of the evidence. *See Diedrich*, 874 F.3d at 642–43 ("Diedrich's ability to perform certain daily activities is not a clear and convincing reason to find her less than fully credible."); *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001) (rejecting ALJ's determination that plaintiff's daily activities conflicted with her reported symptoms, and noting that her daily activities did not consume a substantial part of her day).

**Second Objection**

Defendant's second objection, concerning the alleged inconsistency between Plaintiff's testimony and medical evidence, is premised on the success of its first objection. Because the Court finds the ALJ did not properly find Plaintiff's testimony in conflict with his daily activities, the medical evidence alone is insufficient. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883–84 (9th Cir. 2006).

**Third Objection**

Defendant objects that the ALJ properly determined that Plaintiff's successful conservative treatment gave him another reason for rejecting Plaintiff's subjective pain and symptom testimony. The Court's review is limited to reasons articulated by the ALJ; the Court cannot affirm the ALJ based on *post hoc* reasoning. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009); *Orn*, 495 F.3d

at 630. Because this issue involved rejecting Plaintiff's testimony regarding the severity of his symptoms, the ALJ's articulated reasons were required to be specific, clear, and convincing. *See Smolen*, 80 F.3d at 1281.

Defendant argues that the ALJ's findings include a discussion of "successful, conservative treatment." (Obj. at 2:21–24.) While the ALJ may of course consider a claimant's treatment history, *see* 20 C.F.R. §§ 404.1529(a) and (c)(3)(iv), it is up to the ALJ to articulate his conclusions. The portion of the ALJ's decision Defendant cites did not mention that the treatment was either conservative or fully successful. Rather, this section mentions that Plaintiff was prescribed "diabetes medication," and that as a result Plaintiff's pain was reduced. (AR at 32.) The findings do not identify the medication or describe it as a conservative treatment. And although the ALJ mentions that Plaintiff obtained some relief, he does not make any finding regarding the level of relief. Defendant also objects that Plaintiff was diagnosed with major depression and treated with nortriptyline, but that "there [was] no further record of mental health treatment during the period at issue." (AR at 32.) The degree to which the treatment was successful and the reason for an absence of further treatment are not discussed, however. In other words, the ALJ made no finding that Plaintiff's impairments were controlled effectively or that his treatment was conservative. Because the ALJ did not articulate specific reasons for finding the treatment successful and conservative, as Defendant now argues, the Court cannot supply those reasons now.

The ALJ apparently believed the treatment notes, at least in part, supported Plaintiff's claim. He contrasted them with the medical findings that he thought did not: "While treatment notes indicate that the claimant received treatment for his alleged health issues, the medical findings fail to support [his claim that he could not work]."(AR at 32.) The ALJ's only other remark was his conclusion that "Treatment notes in the record do not sustain the claimant's allegations of disabling conditions." Neither the discussion nor the conclusion amount to specific or clear

5
17cv2221-LAB (MSB)

and convincing reasons. The only way to affirm the ALJ on this point would be to piece together an argument for him, which the Court cannot do.

**ALJ's Failure to Consider Other Evidence**

The ALJ did not discuss a questionnaire (AR at 159–65) from social worker Caroline Stewart, who was Plaintiff's treating therapist. The R&R concluded that the ALJ should have considered this as evidence from an "other source."

Defendant's motion raised several arguments why the ALJ need not have considered Ms. Stewart's questionnaire, which the R&R rejected. (*See* R&R at 10:21–12:15.) Defendant has not objected to these conclusions, but instead argues that failure to consider the questionnaire amounted to harmless error because the questionnaire was drafted later and covered a time period beginning after Plaintiff's date last insured (DLI).

Defendant is correct that Ms. Stewart began treating Plaintiff six months after the DLI, and completed the questionnaire two years after the DLI. (AR at 165.) The earliest applicable date for the description of symptoms and limitations in the questionnaire was June 18, 2012, roughly six months after the DLI. (*Id.*) That said, the symptoms and limitations discussed in the questionnaire are significant, and the questionnaire concluded that they were either "marked" or, in the case of Plaintiff's difficulties in maintaining social functioning, "extreme." (AR at 164.)

Disregarding competent testimony without comment constitutes legal error. *See Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Unless the Court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination," the error is not harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

The questionnaire offers strong support for Plaintiff's position and cannot be characterized as cumulative. Defendant argues that the questionnaire shows that

Plaintiff's impairments improved markedly with treatment. But the questionnaire shows that this happened only later, well after the DLI.

There was no evidence in the record that Plaintiff's symptoms worsened during the roughly six-month interval between the DLI and the beginning date of the period covered by the questionnaire. The questionnaire was therefore relevant and should have been considered. *See Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (holding that a testimony that a claimant was incapable of working in 2001 was relevant to his ability to work in 1999, in the absence of any evidence that his condition worsened in the interim). The Court cannot conclude that, had the ALJ credited it, he would have reached the same result. The Court therefore holds that the error was not harmless.

Although neither party raised the issue, the Court notes that the ALJ characterized Plaintiff's wife's observations of his limitations and symptoms as less credible, because she had no special training. The same could be said of most lay witnesses, however. On remand, the ALJ should bear in mind the Ninth Circuit's admonition that "testimony from lay witnesses who see the claimant every day is of particular value . . . ." *See Smolen*, 80 F.3d at 1289 (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

**Conclusion and Order**

For these reasons, the Court **OVERRULES** Defendant's objections and **ADOPTS** the R&R. This matter is ordered **REMANDED** to the ALJ for further administrative proceedings pursuant to sentence four of 4 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Dated: March 18, 2019

Hon. Larry Alan Burns
Chief United States District Judge